# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PORTFOLIO MANAGEMENT GROUP, LLC,<br><br>PLAINTIFF,<br><br>V.<br><br>BITACH FUND I, LLC,<br><br>DEFENDANT. | CIVIL NO. 09-3193 (PJS/AJB)<br><br>**REPORT & RECOMMENDATION** |

John R. Neve, Neve & Associates, PLLC, 8500 Normandale Lake Boulevard, Suite 1080, Minneapolis, MN 55437 for Plaintiff Portfolio Management Group, LLC.

Carl S. Wosmek, Amy L. Court McGrann Shea Carnival Straughn & Lamb, Chtd 800 Nicollet Mall Ste 2600, Minneapolis, MN 55402-7035, and

Paul D. Turner (pro hac vice), Perlman, Yevoli & Albright, PL, 200 S Andrews Ave Ste 600, Fort Lauderdale, FL 33301, for Defendant Bitach Fund I, LLC.

## I.  INTRODUCTION

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Defendant's Motion to Compel Arbitration and to Stay the Litigation [Docket No. 4]. A hearing was held on the motion on December 1, 2009. John R. Neve appeared on behalf of Plaintiff. Carl S. Wosmek and Amy L. Court appeared on behalf of Defendant.

## II.  BACKGROUND

There is no dispute as to the facts underlying this Motion. Plaintiff and Defendant entered into four contracts between November 2007 and March 2008 for the purchase of credit card receivables. All four contracts contained the following two provisions:

1

> 5.9 CHOICE OF LAW AND JURISDICTION. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Minnesota. [Defendant] specifically agrees to the Courts of Minnesota as sole jurisdiction for litigation of any controversies arising out of this Agreement.
>
> 5.10 ARBITRATION. Any disputes or claims arising under this Agreement shall be submitted to binding arbitration under the rules of the American Arbitration Association, then in effect, under the jurisdiction of the State of Minnesota.

Defendant brought suit against Plaintiff in Florida state court in August 2009 alleging breach of the four agreements. Plaintiff filed a motion to dismiss on September 29, 2009, arguing that the Florida lawsuit should be dismissed pursuant to paragraph 5.9 of the agreements or, in the alternative, Defendant should be compelled to arbitrate pursuant to paragraph 5.10 of the agreements. Defendant filed a notice of voluntary dismissal of the Florida lawsuit on November 2, 2009.

On October 15, 2009, Plaintiff commenced this lawsuit against Defendant in Minnesota state court, alleging two breach of contract claims. On November 13, 2009, Defendant removed this lawsuit to this Court on the basis of diversity jurisdiction, and moves the Court to stay these proceedings and compel arbitration pursuant to paragraph 5.10 of the agreements [Docket No. 1].

On December 1, 2009, Plaintiff filed a motion to remand to state court. That motion will be heard by United States District Court Judge Patrick J. Schiltz on March 1, 2010.

### III. DISCUSSION

**1. Jurisdiction to hear a motion to compel arbitration?**

Plaintiff contends that paragraph 5.9 of the agreements provide that only the Minnesota state courts have jurisdiction to hear the present motion. (Pl.'s Mem. 3-4, Nov. 24, 2009.) This Court notes Plaintiff is also relying upon the application of paragraph 5.9 as the basis of

Plaintiff's motion to remand. (Pl.'s Mot. to Remand, Dec. 1, 2009 (stating "the forum selection clauses in the contracts between PMG and Defendant . . . , and pursuant to the Court's inherent authority to enforce the forum selection clauses, to remand the above-entitled matter back to the Courts of the State of Minnesota").) Given that interpretation of paragraph 5.9 has already been put to Judge Schiltz to decide, this Court will present its analysis to the Judge Schiltz as a report and recommendation.

As an initial matter, the agreements include an unambiguous choice of law provision: "This Agreement shall be governed and construed and enforced in accordance with the laws of the State of Minnesota." "In a diversity case, a district court sitting in Minnesota applies Minnesota's choice-of-law rules." *Allianz Ins. Co. of Canada v. Sanftleben*, 454 F.3d 853, 855 (8th Cir. 2006). Under Minnesota law, parties may agree on the law that will govern the contract. *Id.* (citing *Milliken & Co. v. Eagle Packaging Co.*, 295 N.W.2d 377, 380 n.1 (Minn.1980)). Thus, this Court will apply Minnesota law to construe paragraph 5.9.

Applying Minnesota law to construe these agreements, it is clear that the primary goal of contract interpretation is to determine and enforce the intent of the parties. *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn. 2003). Where there is a written agreement, the intent of the parties is determined from the plain language of the agreement itself. *Metro. Sports Facilities Comm'n v. Gen. Mills*, 470 N.W.2d 118, 123 (Minn. 1991). Whether a contract is ambiguous is a question of law. *Blackburn, Nickels, & Smith, Inc. v. Erickson*, 366 N.W.2d 640, 643 (Minn. App. 1985). "A contract is ambiguous if it is susceptible to more than one interpretation based on its language alone." *Housing and Redevelopment Authority of Chisholm v. Norman*, 696 N.W.2d 329, 337 (Minn. 2005). "If a contract is ambiguous, it must be

construed against its drafter." *Current Technology Concepts, Inc. v. Irie Enterprises, Inc*., 530 N.W.2d 539, 543 (Minn. 1995).

The agreements state: "[Defendant] specifically agrees to the Courts of Minnesota as the sole jurisdiction for the litigation of any controversies arising out of this agreement." Plaintiff contends that "Courts of Minnesota" refers to Minnesota state courts. (Pl.'s Mem. 3-4, Nov. 24, 2009.) The alternative reading would construe the plural form of "court" to distinguish between United States District Court for the District of Minnesota and Minnesota state courts. The singular form of the word "jurisdiction" suggests that this interpretation may be unreasonable. If the parties intended the United States District Court for the District of Minnesota and Minnesota state court to both have jurisdiction over this matter, then the sentence would have stated: "[Defendant] specifically agrees to the Courts of Minnesota as the sole *jurisdictions* for the litigation of any controversies arising out of this agreement." However, "jurisdiction" is defined as "[a] geographic area within which political or judicial authority may be exercised." *Black's Law Dictionary* (8th ed. 2004). Thus, "jurisdiction" could refer to the geographic area of the State of Minnesota over which this Court and Minnesota state court's both have jurisdiction. Thus, both readings appear to be reasonable.

The agreements in this matter appear to have been drafted by Plaintiff. All of the agreements have the Plaintiff's logo or letterhead. Thus, construing this contract against the drafter leads this Court to conclude that the parties intended to stipulate that the United States District Court for the District of Minnesota or the Minnesota state courts as having jurisdiction over the "litigation of any controversies arising out of" the agreements. This conclusion is buttressed by the fact that Plaintiff, a Minnesota limited liability company, benefits from being able to litigate a controversy arising out of its agreements in the State of Minnesota. This Court

does not read the first sentence of Paragraph 5.9, which provides that Minnesota state law will govern actions between the parties, to preclude this conclusion because this Court frequently applies Minnesota state law in deciding contract disputes.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332. Plaintiff is a Minnesota limited liability company located in Hennepin County, Minnesota. Defendant is a Florida limited liability company located in Broward County, Florida. And Plaintiff claims damages "in excess of $50,000" for each of its claims. *Compare NCMIC Insurance Company v. Sammon*, Civ. No. 05-456 (RKH/JSM), 2005 WL 2648687 *4 (D. Minn. Oct. 17, 2005) *with Al-Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F. Supp.2d 1081, 1083-84 (D. Minn. 1999); *see also Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp.2d 943 (D. Minn. 1999) (remanding where plaintiff pleaded damages "in excess of $50,000" in accordance with Minn. R. Civ. P. 8.01, but stipulated to a recovery less than $50,000). Therefore, this Court concludes that it does have jurisdiction to consider the present motion.

**2. Is there a valid arbitration agreement and does the dispute fall within the scope of the agreement?**

The Federal Arbitration Act (FAA), states:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA applies to all arbitration clauses within agreements that affect interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 271-72, 115 S. Ct. 834, 838-39 (1995). To determine whether the FAA applies to an action, the Court must consider (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004).

5

"The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005)

> [U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the Court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

There is no dispute that the arbitration agreement in this case falls within the scope of the FAA: The written contracts are part of the record before this Court and the agreements concern credit card receivables, which were originated by a third party, which were sold to a third party supplier, who sold them to Plaintiff. The contracts at issue are for the sale of those receivables between parties, who are from different states. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 57-58, 123 S. Ct. 2037, 2040-41 (2003) (applying the FAA to a transaction between two parties from Alabama where one of the parties was engaged in business throughout the country and the loan in dispute was used in relation to the party's business, the debts were secured by assets that moved in interstate commerce, and the general practice of the parties' transactions affect interstate commerce).

There is no dispute between the parties that there is a valid arbitration agreement. Plaintiff's complaint states that the parties entered into four contracts and the four agreements each contain paragraph 5.10. Likewise there is no dispute that Plaintiff's breach of contract claims fall within the scope the agreements. The arbitration agreements apply to "[a]ny disputes or claims arising under this Agreement[s]." Plaintiff's claims assert that Defendant breached and violated duties created by the agreements. *See MedCam*, 414 F.3d at 975 (holding that an

arbitration agreement that applied to "controversies or differences arising out of or in connection with this Agreement" applied to breach of contract claims).

Thus, this Court concludes that the arbitration agreements in the present case are valid under 9 U.S.C. § 2, and apply to Plaintiff's claims. Therefore, 9 U.S.C. § 3 applies unless Plaintiff shows that Defendant waived its right to arbitration.

### 3. Did Defendant waive its rights under the agreements by initiating the lawsuit in Florida?

Plaintiff contends that Defendant waived its right to pursue arbitration in this action when it commenced the Florida lawsuit. (Pl.'s Mem. 4-5, Nov. 24, 2009.) Plaintiff also contends that pursuant to the language of the choice-of-law provision and the *Erie* doctrine,[1] this Court must apply Minnesota law to the issue of waiver. (Pl.'s Mem. 5-6, Nov. 24, 2009.) Defendant cites a waiver test applied frequently by the Eighth Circuit Court of Appeals to argue that it did not waive its right to arbitration. (Def.'s Mem. 9-13, Nov. 16, 2009.)

In the present case, this Court has applied Minnesota state law without resolving the application of the *Erie* doctrine or the choice-of-law provision to this issue because the analysis is the same regardless whether this Court applies Minnesota state law or federal law. Having thoroughly reviewed both the state and federal case law analyzing waivers of arbitration provisions, this Court concludes the state and federal waiver analyses are substantively identical. *Cf. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 27, 103 S .Ct. 927, 943 (1983) ("Congress can hardly have meant that an agreement to arbitrate can be enforced against a party who attempts to litigate an arbitrable dispute in federal court, but not against one who sues on the same dispute in state court.").

---

[1] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (U.S. 1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern.").

Minnesota state case law and the federal case law recognize the policy favoring arbitration. *Ritzel Communications v. Mid-American Cellular*, 989 F.2d 966, 968-69 (8th Cir. 1993) ("In light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration."); *Johnson v. Piper Jaffray, Inc.*, 515 N.W.2d 752, 753 (Minn. App. 1994) ("Minnesota public policy favors arbitration as an informal and inexpensive means of resolving disputes between parties whose contract includes an arbitration clause."), *aff'd* 530 N.W.2d 790 (Minn. 1995). Minnesota state case law and federal case law define "waiver" as the intentional relinquishment of a known right. *Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.*, 460 F.3d 1047, 1055 (8th Cir. 2006) (quoting *Citizens Nat. Bank of Madelia v. Mankato Implement, Inc*., 441 N.W.2d 483, 487 (Minn. 1989)). Both states also recognize the application of waiver to arbitration agreements. Minnesota courts articulate the following test:

> The party alleging waiver must provide evidence that the party that is alleged to have waived the right possessed both knowledge of the right in question and the intent to waive that right. Action by the party seeking arbitration which is inconsistent with the right to arbitration is not enough to support a finding of waiver unless such action is accompanied by prejudice to the objecting party.

*Community Partners Designs, Inc. v. City of Lonsdale*, 697 N.W.2d 629, 634 (Minn. App. 2005) (citing *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 798 (Minn. 2004)); *see also Preferred Financial Corp. v. Quality Homes, Inc.*, 439 N.W.2d 741, 743 (Minn. App. 1989) (citing *Brothers Jurewicz, Inc. v. Atari*, Inc., 296 N.W.2d 422, 428-29 n.8 (Minn.1980)). The Eighth Circuit Court of Appeals recognizes the following test: "We find waiver when the party (1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions." *Hooper v. Advance America, Cash*

*Advance Centers of Missouri, Inc.*, ___ F.3d ___, 2009 WL 4825132, *2 (8th Cir. 2009) (quotation omitted).

Minnesota state case law and the federal case law identify similar action as being inconsistent with the right to arbitrate. "A party substantially invokes the litigation machinery[, and thereby acts inconsistent with its right to arbitrate,] when . . . it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner." *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007); *see Illinois Farmers Ins. Co. v. Glass Service Co.*, 683 N.W.2d 792, 799 (Minn. 2004) (stating that answering a complaint, conducting discovery, and defending the suit on the merits are actions inconsistent with the right to arbitrate) *Brothers Jurewicz, Inc.*, 296 N.W.2d at 428 (stating that the right to arbitration is waived if not raised expeditiously); *City of Savage v. Varey*, 358 N.W.2d 102, 106 (Minn. App. 1984) (stating, "party may waive an arbitration clause if it commences litigation over arbitrable claims").

There is no dispute that Defendant knew about the arbitration provision. The only issues in dispute are whether Defendant's act of initiating a lawsuit in Florida was inconsistent with its right to arbitration and whether Plaintiff would be prejudiced by compelling arbitration in the present action. This Court concludes that, in the present case, Defendant did not act inconsistent with its right to arbitration such that it can be said that Defendant waived its right to arbitration. Moreover, an order staying this proceeding and compelling arbitration is warranted because there is no prejudice to Plaintiff.

Defendant contends that filing a lawsuit alone is "enough to meet all requirements of a valid waiver." (Def.'s Mem. 8, Nov. 24, 2009.) This Court disagrees. In many instances initiating a lawsuit may (1) be necessary to compel arbitration of a dispute; (2) serve to preserve issues that

could be barred by statutes of limitations; (3) be required to preserve additional claims that are not subject to the arbitration provision; or (4) be required to determine whether or not a claim is arbitrable. Thus, although initiating a lawsuit can serve as evidence that the party is acting inconsistently with its right to arbitration, filing the lawsuit alone will rarely be sufficient to find waiver.

This Court is aware that there are some cases that state that initiating a lawsuit alone is sufficient to waive arbitration. *See, e.g., NCR Credit Corp. v. Park Rapids Leasing Assocs.*, 349 N.W.2d 867, 868 (Minn. App. 1984) (stating, "the conduct of a party in starting a lawsuit in the face of an arbitration clause is a waiver of the right to arbitrate"); *City of Savage v. Varey*, 358 N.W.2d 102, 106 (Minn. App. 1984) (stating, "party may waive an arbitration clause if it commences litigation over arbitrable claims"). But, in those cases, the procedural posture evinces that the parties engaged in litigation beyond simply filing the complaint in repudiation of their right to arbitration. This Court concludes that these cases are distinguishable from the present case, where a party filed a suit and dismissed it voluntarily before prosecuting its claim. This case is more akin to *Hughes v. Lund*, where the Minnesota Court of Appeals held that a party did not commence a lawsuit where it failed to properly serve its complaint, and where there was no lawsuit, there was no waiver of the right to arbitration. 603 N.W.2d 674, 677 (Minn. App. 1999).

Defendant filed its complaint in Florida state court, but Defendant cannot be said to have "entirely disregarded the provision of the contract relating to arbitration" *Independent School Dist. No. 35, St. Louis County v. A. Hedenberg & Co.*, 214 Minn. 82, 92, 7 N.W.2d 511, 518 (Minn. 1943). There was no subsequent discovery or motion practice that occurred, except for Plaintiff's motion to dismiss. *Contra Preferred Financial Corp. v. Quality Homes, Inc.*, 439

N.W.2d 741, 744 (Minn. App. 1989) (finding waiver where litigation has progressed such that some issues have been decided). And Defendant voluntarily dismissed the Florida action.

In the present action, Defendant simultaneously (1) removed this case from state court; (2) asserted arbitration as an affirmative defense within its answer, *Hennepin County v. Ada-Bec Systems*, 394 N.W.2d 611, 613 (Minn. App. 1986) (finding no waiver where answer asserted arbitration clause as a defense), *review denied* (Minn. Dec. 17, 1986); and (3) moved for a stay and order to compel arbitration. *Contra Knutson v. Lasher*, 219 Minn. 594, 601-02, 18 N.W.2d 688, 693-94 (Minn. 1945) (finding waiver where, "[i]nstead of procuring an order under the statute directing the arbitration to proceed, defendant set up a counterclaim, gave notice of trial, and procured an order for taking a deposition"); *Preferred Financial Corp.*, 439 N.W.2d at 744 (finding waiver in part where the party had an opportunity to bring a motion to compel arbitration earlier); *West St. Paul Federation of Teachers v. Independent School Dist. No. 197, West St. Paul*, 713 N.W.2d 366, 377 (Minn. App. 2006) (finding a waiver where appellant did not raise arbitration as an affirmative defense in its answer and failed to raise the arbitration argument until its post-trial motion for amended findings). Thus, Defendant has always acted to preserve its right to arbitration in the present case.

This Court also concludes that there would be little prejudice Plaintiff by staying this proceeding and compelling arbitration because Plaintiff previously requested an order compelling arbitration. *Cf. Hughes v. Lund*, 603 N.W.2d 674, 677 (Minn. App. 1999) (concluding "that because respondent pointed out appellants' failure to commence a lawsuit, respondent cannot now argue that appellants waived their right to demand arbitration . . . by 'commencing a lawsuit'"). The only arguable prejudice to Plaintiff arose out of Plaintiff filing its three-page motion to dismiss in Florida. Given the minimal effort entailed in that endeavour, the

fact that Plaintiff requested arbitration as part of its defense to the Florida action, and the fact that Plaintiff bargained for and drafted four agreements with mandatory arbitration provisions, this Court concludes that there is no prejudice to Plaintiff in granting Defendant's motion.

Thus, this Court concludes that there has been no waiver and therefore, staying the present action and order the parties to arbitration is appropriate pursuant to 9 U.S.C. § 3.

## IV. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that the District Court conclude as follows:

1. This Court has jurisdiction over this matter.
2. The parties' arbitration agreements are valid, fall within the scope of the FAA, and are applicable to Plaintiff's claims.
3. There is no waiver that would bar the application of the parties' arbitration agreements from applying to Plaintiff's claims.

It is **FURTHER RECOMMENDED** that the District Court order:

1. That Defendant's Motion to Compel Arbitration and to Stay the Litigation [Docket No. 4] **be granted**;
2. This case be stayed; and
3. The parties submit their dispute to arbitration as provided in their agreements.

Dated:       1/4/10

                                                                s/ Arthur J. Boylan
                                                          Magistrate Judge Arthur J. Boylan
                                                          United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 18, 2010.