UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PORTFOLIO MANAGEMENT GROUP,<br>LLC, a Minnesota limited-liability company, | Case No. 09-CV-3193 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| BITACH FUND I, LLC, a Florida limited-<br>liability company, | |
| Defendant. | |

John R. Neve, NEVE LAW, PLLC, for plaintiff.

Carl S. Wosmek and Amy L. Court, MCGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED, for defendant.

Plaintiff Portfolio Management Group, LLC ("PMG") sued defendant Bitach Fund I, LLC ("Bitach") in Minnesota state court. Bitach removed that action to this Court under 28 U.S.C. § 1441. PMG moves for an order remanding the case to state court. Docket No. 12. Bitach opposes the motion.

Before PMG moved to remand, Bitach moved for an order compelling arbitration and staying the case during the arbitration. Docket No. 4. The motion to compel arbitration was first presented to Magistrate Judge Arthur J. Boylan, who issued a Report and Recommendation ("R&R") in which he recommended that the Court grant Bitach's motion, compel arbitration, and stay the case. Docket No. 16. PMG objects to the R&R. Docket No. 17.

The Court heard argument on PMG's motion to remand on March 1, 2010. For the reasons described by the Court at the hearing and summarized briefly below, the Court grants the

motion and remands this matter to state court.[1]  The Court declines to adopt the R&R because it finds that this case must be litigated in state court.  In light of the Court's ruling on PMG's motion to remand, the Court denies Bitach's motion to compel arbitration as moot.  Upon remand, the state court will have to decide whether to compel arbitration and whether to stay the state-court litigation.

This is a breach-of-contract action involving several contracts that include identical clauses about forum selection, choice of law, and arbitration.  The forum-selection and choice-of-law clause provides:

> 5.9 CHOICE OF LAW AND JURISDICTION.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Minnesota.  [Bitach] specifically agrees to the Courts of Minnesota as sole jurisdiction for litigation of any controversies arising out of this Agreement.

*See, e.g.*, Ducheine Aff. Ex. A at 13 [Docket No. 7-1].  The arbitration clause provides:

> 5.10 ARBITRATION.  Any disputes or claims arising under this Agreement shall be submitted to binding arbitration under the rules of the American Arbitration Association, then in effect, under the jurisdiction of the State of Minnesota.

*See, e.g., id.*

In support of its motion to compel arbitration, Bitach contends that the breach-of-contract claims brought in PMG's state-court complaint are "disputes or claims arising under" the parties' agreements and must therefore be arbitrated.  PMG responds that Bitach has waived its right to

---

[1]To ensure that the Court had subject-matter jurisdiction, the Court asked each party to provide more information about the citizenship of its members.  Docket No. 24.  The Court is satisfied, based on the representations of counsel at the hearing on March 1, 2010, that it has subject-matter jurisdiction.

compel arbitration by filing a (now-dismissed) lawsuit against PMG in Florida. Bitach replies that it has not waived its right to compel arbitration.

This dispute over whether PMG must arbitrate its claims against Bitach is unquestionably a "controvers[y] arising out of" the parties' agreements. The agreements' forum-selection clause provides that "the Courts of Minnesota" are the "sole jurisdiction for litigation of any controversies arising out of" those agreements.

This Court sits *in* Minnesota, but it is not a court *of* Minnesota. It is instead a court of the United States of America. The Court respectfully disagrees with Judge Boylan's conclusion in the R&R that the phrase "Courts of Minnesota" in the forum-selection clause could reasonably be construed to include federal courts in Minnesota and is therefore ambiguous. R&R at 4. Instead, the Court agrees with the majority of federal courts that the phrase "courts of" a particular state unambiguously refers only to that state's courts, not to federal courts sitting within the boundaries of that state.[2]

---

[2] *See Fornaro v. RMC/Res. Mgmt. Co.*, 210 Fed. Appx. 783, 784 (1st Cir. 2006) (per curiam) (holding that phrase "courts of Carroll County, New Hampshire" in a contractual forum-selection clause included "the courts that trace their origin to the state, i.e., the Carroll County, New Hampshire state courts"); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) ("[T]he federal court located in Colorado is not a court *of* the *State* of Colorado but rather a court *of* the *United States of America.* "); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam) ("Federal district courts may be *in* Texas, but they are not *of* Texas."); *Piechur v. Redbox Automated Retail, LLC*, No. 09-CV-984-JPG, 2010 U.S. Dist. LEXIS 16324, *10 (S.D. Ill. Feb. 24, 2010) ("[T]he exclusive jurisdiction specified in Redbox's forum selection clause is the Illinois state court system, which does not include the United States District Court for the Southern District of Illinois. The Terms of Use provide for the exclusive jurisdiction of 'the courts of the state of Illinois.' This Court, while it may sit in the state of Illinois, is not a court of the state of Illinois . . . ."); *Huhtamaki Co. Mfg. v. CKF, Inc.*, 648 F. Supp. 2d 167, 180 (D. Me. 2009) ("[T]he reference to the 'Courts of Maine' [in a forum-selection clause] is a literal and unambiguous reference to the Maine state courts and does not reasonably extend to courts of the United States. The distinction between the two jurisdictions is clear and of great significance in our federal system of government. A party drafting a

Further, even if the phrase "the Courts of Minnesota" were ambiguous standing alone — and the Court does not believe that it is — any potential ambiguity is eliminated by the forum-selection clause's reference to "the Courts of Minnesota" as the "*sole* jurisdiction" for contract-related litigation. State courts and federal courts are different jurisdictions — a fact demonstrated by the agreements' arbitration clause, which refers to the "jurisdiction of the State of Minnesota." To confer jurisdiction on both federal courts and state courts in Minnesota, the forum-selection clause would have to refer to *multiple* jurisdictions (plural), not to a "sole" jurisdiction (singular).[3]

At oral argument Bitach seemed to agree that the phrase "the Courts of Minnesota" is not ambiguous and refers to only Minnesota state courts. But Bitach also seemed to argue that because (according to Bitach) PMG breached the arbitration clause in parties' agreements by

---

forum-selection clause should immediately recognize the shortcoming of language such as this if the intention is to include the federal district court geographically situated in the state as an agreed-to forum, for the United States District Court is not a court 'of Maine' even if it is geographically situated in Maine."); *Mfg. & Mktg. Concepts, Inc. v. S. Cal. Carbide*, 920 F. Supp. 116, 119 (N.D. Ill. 1996) ("The court finds that the term 'an Illinois court' [in a forum-selection clause] plainly means an Illinois state court. The United States District Court for the Northern District of Illinois is not 'an Illinois court;' it is a federal court."); *see also LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984) (describing phrase "courts of Massachusetts" as "at least somewhat ambiguous" but holding that, because the contract provided for disputes to be heard "in accordance with the law, and in the courts, of the Commonwealth of Massachusetts," the contract required disputes to be brought "in the Massachusetts state courts").

[3]Alternatively, the forum-selection clause could simply say that controversies relating to the agreement may be brought only in "a federal or state court located in Minnesota." Given the ease of drafting a forum-selection clause that would plainly allow the parties to litigate in either federal or state court, the Court sees no reason to struggle to find ambiguity in the parties' forum-selection clause.

seeking to litigate disputes that must be arbitrated, the Court should ignore the forum-selection clause in the parties' agreements. Bitach is incorrect.

The forum-selection clause and the arbitration clause are separate. The arbitration clause addresses *what* must be litigated (as opposed to arbitrated); the forum-selection clause addresses *where* any litigation must be brought. The remedy for a breach of the forum-selection clause is to transfer or remand the case to the appropriate forum; the remedy for a breach of the arbitration clause is to stay or dismiss the litigation and order the parties to arbitrate.

As best as the Court can tell, Bitach is arguing that, because PMG breached the *arbitration* clause by suing Bitach, the *forum-selection* clause can no longer be enforced.[4] But if a party's alleged breach of contract rendered a contractual forum-selection clause inoperative, such clauses would, as a practical matter, be unenforceable. Their applicability becomes an issue only when one party sues another party for breach of contract. On Bitach's theory, courts would have to litigate the merits of a breach-of-contract action before deciding where the merits of the breach-of-contract action must be litigated. That is clearly not the law.

Similarly, it is common for a party to a contract with an arbitration clause to attempt to litigate an issue that arguably must be arbitrated — as PMG is accused of doing in this case, and as Bitach did when it filed suit against PMG in Florida. Courts will often stay (or dismiss) such litigation and order the parties to arbitrate, but courts never declare the *entire contract* to be

---

[4]At oral argument, Bitach also seemed to argue that, by seeking to litigate claims that the contract requires to be arbitrated, PMG breached the *forum-selection* clause. Bitach's argument is incomprehensible. The forum-selection clause does not require anything to be arbitrated — that is, it does not bar litigation of anything. Instead, the clause merely requires that any litigation arising out of the agreement be filed in a Minnesota state court. How PMG could violate the *forum-selection* clause by filing a lawsuit in *a Minnesota state court* remains a mystery.

invalid. Indeed, *Bitach itself* breached its contracts with PMG when it brought suit in a Florida court, thus both seeking to litigate claims that it had agreed to arbitrate (in breach of the arbitration clause) and seeking to litigate those claims in Florida (in breach of the forum-selection clause). And yet Bitach now stands before this Court asking it to enforce what it contends is a valid arbitration clause. Obviously, in Bitach's view, Bitach's own breaches did not invalidate the entire contract.

The bottom line is that Bitach and PMG are engaged in a "controvers[y]" over whether the claims of PMG must be arbitrated. That controversy "aris[es] out of" the agreements between them. The "sole jurisdiction" for litigation of such controversies is "the Courts of Minnesota." This case is remanded to those courts.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court DECLINES TO ADOPT the January 4, 2010 Report and Recommendation of Magistrate Judge Arthur J. Boylan [Docket No. 16].

2. The motion of plaintiff Portfolio Management Group, LLC to remand to state court [Docket No. 12] is GRANTED.

3. The motion of defendant Bitach Fund I, LLC to compel arbitration and to stay the litigation [Docket No. 4] is DENIED AS MOOT.

4. This matter is REMANDED to the Minnesota District Court for the Fourth Judicial District (Hennepin County).

Dated: March  2 , 2010         s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge